IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**REGINA-TYSHONDA, Woman**                                                    **PLAINTIFF**

**V.**                            **NO. 1:22-CV-199-DMB-DAS**

**STATE OF MISSISSIPPI, et al.**                                            **DEFENDANTS**

**ORDER**

On March 3, 2023, United States Magistrate Judge David A. Sanders issued a Report and Recommendation ("R&R") recommending that Regina-Tyshonda's "complaint be dismissed without prejudice" based on her failure to comply with court orders,[1] show eligibility to proceed without prepayment of costs, and keep the Court advised of her whereabouts. Doc. #8. The R&R advised that any objections must be filed within fourteen days. *Id.* at 2. Regina-Tyshonda failed to file objections during the period allowed.

On March 27, 2023, after the expiration of the objections deadline, Regina-Tyshonda filed an affidavit in which she incoherently rambles on about the definition of "debt," what may be used to pay debt, who is capable of paying debt, and who is responsible to pay debt, ending with the assertion that "a private woman is unable to be a debtor/make payment of any alleged debt since to do so is an impossibility." Doc. #12. Significantly, the affidavit fails to address in any meaningful way the R&R's recommendations and its underlying reasons.[2]

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge shall make a de novo determination of those portions of the report … to which objection is made." "With respect to those portions of the report

---

[1] On January 11, 2023, as the R&R indicates, the Court ordered Regina-Tyshonda to refile her motion to proceed in forma pauperis using the appropriate form. Doc. #8 at 1; *see* Doc. #4. She did not. On February 14, 2023, the Court ordered her to pay the filing fee within twenty-one days. Doc. #8 at 1; *see* Doc. #6. She did not.

[2] Nor does the affidavit provide any of the information the Court ordered Regina-Tyshonda to submit in its January orders.

and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc)).[3]

To the extent Regina-Tyshonda intended her affidavit to serve as objections to the R&R, it is untimely.[4] Regardless, based on this Court's de novo review, any asserted objections in the affidavit are overruled for the reasons stated above. *See BeatStars, Inc. v. Space Ape Ltd.*, 624 F. Supp. 3d 681, 689 (W.D. Tex. 2022) (court "need not consider frivolous, conclusive, or general objections") (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Having overruled any such objections, the Court has reviewed the R&R and finds no plain error on the face of the record. Accordingly, the R&R [8] is **ADOPTED** as the order of the Court. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 14th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *Douglass* was superseded by statute on other grounds due to updates to the Federal Rules of Civil Procedure. Still, with respect to the applicable standard of review when no objections are filed, the Fifth Circuit acknowledged the same in 2017. *See K. S. v. Nw. Indep. Sch. Dist.*, 689 Fed. Appx. 780, 783 (5th Cir. 2017). Since then, no current amendment to Federal Rule of Civil Procedure 72 has taken effect.

[4] To the extent the affidavit's untimeliness was due to Regina-Tyshonda's failure to keep the Court informed of her whereabouts, the Court declines to permit her to benefit from her disregard of the Court's order requiring her to do so.